**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

In re:

RECOVERY LAW GROUP, APC,
d/b/a WAJDA LAW GROUP, APC,
d/b/a WAJDA & ASSOCIATES, P.C.,

Misc. Proc. No. 24-00301-KRH

_____

MATTHEW W. CHENEY[1]
Acting United States Trustee for Region Four,

    Movant,

v.

THOMAS WATSON, ESQUIRE,

and

RECOVERY LAW GROUP, APC,

    Respondents.

_____

**ORDER ON THE UNITED STATES TRUSTEE'S
MOTIONS TO EXAMINE DEBTORS' TRANSACTIONS WITH THOMAS
WATSON, ESQUIRE, RECOVERY LAW GROUP, APC, AND WAJDA LAW
GROUP, APC, FOR RETURN OF ATTORNEY'S FEES AND IMPOSITION OF
SANCTIONS AND THE UNITED STATES TRUSTEE'S CONSOLIDATED MOTIONS
TO HOLD THOMAS WATSON, ESQUIRE, AND RECOVERY LAW GROUP, APC,
<u>IN CONTEMPT AND FOR SANCTIONS</u>**

---

[1] On January 10, 2025, Gerard R. Vetter resigned as acting United States Trustee and Matthew W. Cheney replaced him as the acting United States Trustee for Region 4. Pursuant to Rules 7025 and 9014(c) of the Federal Rules of Bankruptcy Procedure and Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Cheney is automatically substituted for Mr. Vetter as a party.

Kathryn R. Montgomery, AUST (VSB 42380)
Shannon Pecoraro, Esq. (VSB 46864)
Nisha R. Patel, Esq.  (VSB 83302)
Office of the United States Trustee
701 East Broad Street - Suite 4304
Richmond, VA 23219
Telephone (804) 771-2310

The following matters are before the Court: (1) The United States Trustee's four (4) Motions To Examine Debtor's Transactions With Thomas Watson, Esquire, Recovery Law Group, APC, And Wajda Law Group, APC, For Return Of Attorney's Fees, And Imposition of Sanctions (the "329/Sanctions Motions") [ECF 19, 20, 21, and 22 - Case No. 24-mp-00301-KRH] and; (2) the United States Trustee's Consolidated Motions To Hold Thomas Watson, Esquire, and Recovery Law Group, APC, in Contempt and For Sanctions [ECF. 6 - Case No. 24-mp-00301-KRH; ECF 15 - Case No. 24-32478-KRH; ECF 16 - Case No. 24-32957-KLP; ECF 22 - Case No. 24-32962-KRH; and ECF 18 - Case No. 24-33369-KRH] (collectively, the "Consolidated Contempt Motions").[2]

On December 18, 2024, the Court conducted a hearing on the 329/Sanctions Motions. After reviewing the 329/Sanctions Motions; noting no responses filed by Thomas Watson, Esquire ("Mr. Watson") or Recovery Law Group, APC d/b/a Wajda Law Group, APC ("RLG") (collectively, Mr. Watson and RLG shall be referred to as the "Respondents"); noting no appearance by Mr. Watson; hearing argument from counsel for the United States Trustee and counsel for RLG; considering the testimony of Trisha Lynn Linderman; and reviewing the evidence contained in the Exhibits [ECF 31 - Case No. 24-mp-00301], the admission of which was consented to on the record by counsel for RLG; the Court ordered the immediate return of all fees paid by the debtors, JoAnn Elizabeth Russell ("Ms. Russell"), debtor in Case Number 24-32957-KLP; Shawn Corigan Lee ("Mr. Lee"), debtor in Case Number 24-32962-KRH; Jennifer Rebecca Poulston ("Ms. Poulston"), debtor in Case Number 24-33369-KRH; and Trisha Lynn Linderman ("Ms. Linderman"), debtor in Case Number 24-31714-KRH (collectively, Ms.

---

[2] The various contempt motions were consolidated by entered Orders. [ECF 13 - Case No. 24-mp-00301-KRH; ECF 45 - Case No. 24-32478-KRH; ECF 24 - Case No. 24-32957-KLP; ECF 38 - Case No. 24-32962-KRH; and ECF 30 - Case No. 24-33369-KRH]

Russell, Mr. Lee, Ms. Poulston, and Ms. Linderman are referred to as the "Debtors"). The Court took under advisement and set a further hearing to consider additional monetary and non-monetary sanctions to be imposed against the Respondents. The Court also directed the United States Trustee to file a recommendation as to the proposed additional monetary sanctions to be imposed and allowed Respondents time to file a response to the United States Trustee's recommendation. On January 6, 2025, the United States Trustee's filed his recommendation and declarations of Peter J. Barrett, Esquire, Chapter 7 Trustee and Jennifer J. West, Esquire, Chapter 7 Trustee (the "Chapter 7 Trustees") [ECF 40- Case No. 24-mp-00301].[3] On January 7, 2025, RLG, by counsel, filed its response to the United States Trustee's recommendation [ECF 41 - Case No. 24-mp-00301]. On January 21, 2025, the Court conducted a trial on the Consolidated Contempt Motions and a continued hearing on the 329/Sanctions Motions regarding the imposition of monetary and non-monetary sanctions against the Respondents.

Upon consideration of the 329/Sanctions Motions and the Consolidated Contempt Motions; the response and amended response of RLG, by counsel, to the Consolidated Contempt Motions [ECF 32, 39- Case No. 24-mp-00301; ECF 20 - Case No. 24-32478-KRH]; the arguments from counsel for the United States Trustee and counsel for RLG; the testimony of Peter J. Mulcahy, Esquire, general counsel for RLG; the declarations of the Chapter 7 Trustees (as attached to the recommendation at ECF 40 - Case No. 24-mp-00301); the evidence in support of the 329/Sanctions Motions [ECF 31, 45 - Case No. 24-mp-00301], the admission of which was consented to on the record by counsel for RLG; the evidence in support of the Consolidated

---

[3] At the conclusion of the hearing on December 18, 2024, the Court suggested that the Chapter 7 Trustees could file additional statements regarding proposed sanctions. The United States Trustee recommended sanctions payable to the Chapter 7 Trustees, and in support, attached their declarations, which were admitted into evidence at the continued hearing on January 21, 2025, with no objection by counsel for RLG.

3

Contempt Motions contained in the Joint Stipulation [ECF 42 - Case No. 24-mp-00301] and Exhibits [ECF 43 - Case No. 24-mp-00301], and; noting that Mr. Watson filed no responses and did not appear at the hearings held on December 18, 2024 and January 21, 2025, and the Court having found that that notice is proper, its jurisdiction over this case and matter is proper, venue is proper, this is a core proceeding, and that it is right and just to do so, for the reasons stated on the record in open court, it is therefore

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The 329/Sanctions Motions and Consolidated Contempt Motions are **GRANTED.**

2. The Respondents are hereby found in **CONTEMPT** of Court.

3. Any monetary relief and obligations herein apply to the Respondents jointly and severally.

4. Pursuant to 11 U.S.C. § 329, the retainer agreements between RLG and the Debtors are void and cancelled.

5. Respondents shall immediately refund to the Debtors all fees paid by them as follows[4] –

    a. Ms. Russell - $1,950.00
    b. Mr. Lee - $1,950.00
    c. Ms. Poulston - $1,950.00
    d. Ms. Linderman -$1.950.00

6. Within fifteen (15) days of entry of this Order, Respondents shall file a certification in this Miscellaneous Proceeding certifying (1) the amount of each refund RLG

---

[4] At the hearing held on December 18, 2024, the Court ordered the immediate refund of all fees paid by the Debtors. At the hearing held on January 21, 2025, Peter J. Mulcahy, general counsel for RLG, testified that RLG had issued the refunds prior to the hearing.

4

paid to each of the Debtors; (2) the date RLG issued the refunds to each of the Debtors; (3) the means RLG by which transmitted the refunds to each of the Debtors, and (4) whether each of the refunds has been negotiated by each of the Debtors, and if so, the date of negotiation. In addition to filing the certification, Respondents shall also send a copy of the actual negotiated refund payment to the United States Trustee within fifteen (15) days of entry of this Order.

7. In addition to the refunds referenced in Paragraph 6, Respondents are further sanctioned monetarily in the amounts listed and to the payees as follows, which amounts shall be paid no later than thirty (30) days from entry of this Order –

   a. Ms. Russell: $8,000.00
   b. Mr. Lee: $5,000.00
   c. Ms. Linderman: $10,000.00
   d. Jennifer J. West, Esquire, Chapter 7 Trustee, on behalf of the bankruptcy estate of Ms. Poulston: $20,000.00[5]
   e. Jennifer J. West, Esquire, Chapter 7 Trustee: $5,000.00
   f. Peter J. Barrett, Esquire, Chapter 7 Trustee: $5,000.00

8. Within forty-five (45) days of entry of this Order, Respondents shall file a certification in this Miscellaneous Proceeding certifying (1) the amount of each of the sanctions payments paid by RLG; (2) the date RLG issued each sanctions payment; (3) to whom each sanctions payment was made; (4) the means by which RLG transmitted each sanctions payment, and (5) whether each of the sanctions payments has been negotiated, and if so, the date of negotiation. In addition to filing the certification, Respondents shall also send a copy of the actual negotiated sanctions payments to the United States Trustee within forty-five (45) days of entry of this Order.

9. RLG is further sanctioned as follows:

---

[5] To the extent any funds remain upon complete administration of Ms. Poulston's bankruptcy estate, such funds shall be disbursed to Ms. Poulson, and not refunded to Respondents.

5

    a. RLG is hereby barred from filing cases in any Bankruptcy Court in the Eastern District of Virginia for a period of two (2) years from the date of entry of this Order.

    b. After two (2) years, RLG may reapply for admission to the Bankruptcy Court for the Eastern District of Virginia through written application, which shall be served on the United States Trustee. The Court may conduct a hearing and may allow RLG to return to practice in this Court upon finding that 1) RLG is in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of Bankruptcy Procedure; 2) RLG has effectively changed its internal procedures to rectify the issues identified in the 329/Sanctions Motions and Consolidated Contempt Motions; and 3) RLG has engaged competent counsel properly licensed in the Commonwealth of Virginia and admitted to practice before the Bankruptcy Court for the Eastern District of Virgina. RLG shall be responsible for initiating any such application and for requesting a hearing by a filing on the docket in this Miscellaneous Proceeding and shall be responsible for serving the application upon the United States Trustee and for providing proper notice to the United States Trustee.

10. Should Respondents fail to comply with this Order, the Court may impose additional sanctions to induce compliance, including fines or a further bar period.

11. This Order solely resolves the United States Trustee's Motions and nothing in this Order should be construed to affect any rights or causes of actions of the Debtors or other parties; and

12. The Clerk is directed to docket this order in this Miscellaneous Proceeding and in the following cases:

Case No. 24-32962-KRH (*In re Lee*)
Case No. 24-31714-KRH (*In re Linderman*)
Case No. 24-32478-KRH  (*In re Pauley*)
Case No. 24-33690-KRH  (*In re Poulston*)
Case No. 24-32957-KLP (*In re Russell*)

and to send electronic notifications of the entry of this Order to all registered users of the CM/ECF System that have appeared in this Miscellaneous Proceeding and the above listed cases, and a copy to the Debtors and no further service shall be necessary.

DATED: April 7, 2025

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: April 7, 2025

WE ASK FOR THIS:

MATTHEW W. CHENEY

Acting United States Trustee for Region Four

By: */s/ Kathryn R. Montgomery*
Kathryn R. Montgomery (VSB No. 42380)
Office of the United States Trustee
701 E. Broad Street, Suite 4304
Richmond, VA 23219
(804)771-2310
Kathryn.Montgomery@usdoj.gov

## **CERTIFICATION**

I hereby certify that this Order has been either served on or signed by all necessary parties.

/s/ Kathryn R. Montgomery
Kathryn R. Montgomery

7